## Reading City v. Catharine Reiner, Appellant.

*Negligence—Opening in sidewalk—Liability of landowner—Landlord and tenant.*

Where a person is injured by falling into a dangerous opening in a sidewalk on premises in the possession of a tenant, the owner of the property is liable for the injury, where it appears that the dangerous opening was in existence before and at the time of the execution of the lease, and continued in the same condition to the time of the accident.

Argued March 7, 1895. Appeal, No. 337, Jan. T., 1895, by defendant, from judgment of C. P. Berks Co., Jan. T., 1893, No. 18, on verdict for plaintiff. Before Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Trespass to recover the amount of a judgment which the plaintiff was compelled to pay for personal injuries caused by a defect in defendant's sidewalk. Before Ermentrout, P. J.

The facts of the case appear by the opinion of Ermentrout, P. J., on rule for judgment, non obstante veredicto, which was as follows:

"At the trial the defendant presented, inter alia, two points which were reserved. They are as follows:

"1. Under the evidence of the plaintiff, the verdict must be for the defendant.

"2. Under all the evidence in the case the verdict must be for the defendant.

"From April 1, 1890, to April 1, 1892, the property known as Harugari Hall, No. 48 South Sixth Street, Reading, was leased to one Thomas Tracy, who carried on the saloon business there. On the night of September 19, 1890, McNerney, coming out of the saloon, fell into an areaway extending into the side-

walk belonging to the property, was injured, brought suit against the city and recovered damages. The proceedings in this court upon appeal to the Supreme Court were affirmed. (See case of McNerney v. City of Reading, 150 Pa. 611.) The city in the present action, in reimbursement, seeks to recover from the defendant the amount which the city was compelled to pay.

"It is contended there can be no recovery because of the lease to Thomas Tracey and his possession thereunder; that it was his duty and not that of Catharine Reiner to have closed the areaway and kept it closed when not in use; that it was reasonable and practicable for Tracey to have temporarily, during his tenancy, covered and guarded the areaway by means of a loose slat door, hurdle, or other device; that by the exercise of ordinary caution on his part it could have been kept closed when not in use; that it was his duty to do so, and that the owner of the property having so leased to Tracey cannot be held responsible.

"It is clearly shown and admitted that Catharine Reiner had notice of the pendency of the action against the municipality, and could have defended it. Therefore, in accordance with the doctrine of Brookville Borough v. Arthurs, 130 Pa. 501, she is held to be concluded as to the existence of the defect or nuisance, as to the liability of the corporation to the plaintiff in consequence thereof, and as to the amount of damages the injury had occasioned. But she is not estopped from showing that she was not under obligation to keep the street in safe condition, and that it was not through her fault that the accident happened.

"Was she, then, under the admitted facts of this case, legally liable to keep the areaway in safe condition? By the will of John B. Reiner the property was devised to her absolutely. Being thus absolute owner, she leased to Tracey, and the relation of herself to Thomas Tracey was that of landlord and tenant. For years previous to the creation of this tenancy, and at the time of its creation, when Tracey was placed in possession, and up to the time of the accident complained of, the areaway was in precisely the same condition. In other words, it is not a question of repair, but it is a question of original construction and the original construction being permitted to continue. The

erection or maintenance of a guard-rail, loose slat door, hurdle, or other device, is not a matter of repair falling upon the tenant in the absence of an agreement to the contrary.    Repair means to restore to sound and good condition after injury or partial destruction: Pittsburg Railroad Co. v. Pittsburg, 80 Pa. 72.    To repair a building is to replace it as it was or to restore after injury or dilapidation: Douglas v. Commonwealth, 2 Rawle, 264.

" In Bears v. Ambler, 9 Pa. 193, the tenant in possession was held liable for an injury resulting from the grate over a vault under the highway in front of his premises being out of repair, the law of the case being thus stated by Justice ROGERS : ' A tenant or occupier is always liable for an injury caused by his neglect, irrespective of any contract between him and the landlord, or owner of the property.    So far as the public is concerned, it is nothing to them who may be ultimately liable for repairs.    It is the duty of the tenant or occupier in the first instance to keep the ways in such order as not to endanger others, whatever may be his agreement with the landlord or owner of the premises.    In the absence of any contract to the contrary, the tenant is bound to keep the premises in repair. The tenant always is, the landlord may, under peculiar circumstances, be liable for an injury sustained by a third person, arising from negligence.    It may be remarked that when the landlord leased the premises the grate was in good repair.'    See remarks of trial judge.

" In the case of Payne v. Rodgers, 2 H. Blackstone Rep. 349, cited by the Supreme Court in support of their ruling, there was a verdict for plaintiff against the defendant as the owner of a house in the occupancy of one Platt, his tenant, for an injury sustained by the plaintiff by his leg slipping through a hole in the foot pavement into a vault or cellar, owing to some plates or bars which went under the pavement being out of repair.    It was urged the action ought to have been brought against the actual occupier of the house.    It appeared, however, that there was evidence given of repair actually done by the landlord, and it was held that where it is shown it was the landlord's duty, under an agreement to repair, there the landlord was liable as well as the tenant.

" The case of Coupland v. Hardingham, 3 Campbell, 398,

cited by counsel for the defendant, is also referred to, wherein it was held that it is universally the duty of the occupier of a house having an area fronting a public street so to fence it as to make it safe to passengers, and although the premises had been exactly in the same situation as far back as could be remembered, many years before the tenant was in possession, it was held that however long the premises might have been in this situation, as soon as the tenant took possession of them he was bound to guard against the danger to which the public had been before exposed, and that he was liable for the consequences of having neglected to do so in the same manner as if he himself had originated the nuisance.

" But the case nowhere exempts the landlord from liability, and, therefore, it is in strict accord with Bears v. Ambler, supra, and the general current of authorities, that so far as the public is concerned, it is nothing to them who may be ultimately liable for repairs; that in a case of the present character the tenant occupier as well as the city are equally liable to be proceeded against, just as the citizen injured may prefer.

" The unguarded areaway nuisance having existed at the time of the lease, the landlord cannot get rid of her liability. We have an illustration of this principle of law in Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489; Wunder v. McLean, 134 Pa. 334, wherein it was held that ' An owner of property cannot escape liability for an existing nuisance thereon by demising it to a tenant and putting him in possession ; such liability will not take the place of, nor in any manner affect, that of the landlord.  For a nuisance to a dwelling on adjoining property, arising in consequence of leakage from a cesspool on demised premises, the landlord will be responsible in damages when the leakage was caused by its improper construction, or by a defective condition, through lack of repairs, in existence at the time the tenant took possession.'

" In Fow v. Roberts, supra, p. 491, it was said: ' We do not doubt but that, in the absence of an agreement to repair, the landlord is not liable to a third party for a nuisance resulting from dilapidation in the leasehold premises whilst in the possession of a tenant.  To make the lessor so liable the effect must be one that arises necessarily from a continuance of a use of the property as it was when the tenant took possession of it.

But the converse of this proposition is also true; if the premises are so constructed, or in such a condition, that the continuation of their use by the tenant must result in a nuisance to a third person, and a nuisance does so result, the landlord is liable.'

"If we understand rightly the case of Brookville Borough v. Arthurs, 152 Pa. 334, the question sought to be raised by the defendant is expressly ruled against her. The report of the case shows (p. 335) the court below refused to admit evidence that the defendant (the owner) was not in possession of the property but that it was leased to another, and that the sidewalk was in good condition at date of lease. The action of the court being assigned for error, the Supreme Court said: 'We are not prepared to say there is any error in either of them. There appears to be no error in the record that requires a reversal of the judgment,' and the verdict below against the property owner was affirmed.

"Defendant refers to the case of Schott v. Harvey, 105 Pa. 222. We do not see how this applies to the case under discussion. It involved the interpretation of the act of June 11, 1879, making it the duty of owners or managers of manufactories or the owners or landlords of tenement houses to provide permanent fire-escapes, etc., and imposing a penalty of $300 for failure to comply with the provisions of the act. The actual owner in fee had leased the factory to a tenant. The Supreme Court held that by the word 'owner' they intended such an owner as is in the possession and occupancy of the premises, who has the immediate dominion and control over it, and the manner of whose use of it makes a fire-escape necessary; that the act was in the disjunctive, the duty being imposed upon the owner or landlord; that a reasonable construction would seem to be that it was intended to reach the person in possession with a power of control; that a factory is something more than a building, and that the duty attached clearly to the occupant in possession, who places the operatives in a position of danger, and enjoys the benefit of their services.

"We, therefore, have come to the conclusion that inasmuch as the defective areaway was in existence at and before the time when the landlord, defendant, made her lease to Tracey, continuing unchanged to the time of the accident, the landlord cannot escape her obligation and liability in the case.

" Rule for new trial is discharged. Rule for judgment non obstante veredicto in behalf of the defendant is discharged, and judgment is directed to be entered in favor of the plaintiff upon the verdict."

*Error assigned* was entry of judgment for plaintiff.

*Cyrus G. Derr, Baer & Snyder* with him, for appellant, cited : Brookville Bor. v. Arthurs, 130 Pa. 514; Coupland v. Hardingham, 3 Campbell, 398; Regina v. Watson, 2 Lord Raymond's Rep. 856; Schott v. Harvey, 105 Pa. 222; Bears v. Ambler, 9 Pa. 193; Simons v. Thompson, 2 W. N. C. 209; O'Linda v. Lothrop, 21 Pick. 296.

*William J. Rourke,* city solicitor, for appellee, cited : Brookville Borough v. Arthurs, 152 Pa. 334; Bears v. Ambler, 9 Pa. 193; Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489; Wunder v. McLeon, 134 Pa. 334; Douglass v. Com., 2 Rawle, 264; Pittsburg R. R. v. Pittsburg, 80 Pa. 72; Clark v. Fry, 8 Ohio, 359; Chicago v. Robbins, 2 Black U. S. 418; Robbins v. Chicago, 4 Wall. U. S. 357 ; McNerney v. Reading, 150 Pa. 611; Beatty v. Gilmore, 16 Pa. 463; Bacon v. Boston, 3 Cush. 174; Temperance Hall Ass'n v. Giles, 33 N. J. L. 260.

PER CURIAM, March 18, 1895:

The dangerous character of the areaway extending into the sidewalk in front of the defendant's premises was settled in McNerney v. City of Reading, 150 Pa. 611. McNerney who was injured by falling into the areaway recovered damages for his injury from the city in that case. The city now seeks reimbursement from the owner of the property. The building with the unguarded opening in the sidewalk was built by her predecessor in title, and was in the actual possession of a tenant at the time the injury happened. It is probable the city could have recovered from the tenant in possession ; but the owner is also liable, as is well shown by the learned judge of the court below; and we affirm this judgment upon his opinion given upon the disposition of the motion for judgment non obstante, on the points reserved.