# Folkman *v.* Lauer, Appellant.

*Negligence—Fall of pavilion—Liability of owner—Leases—Evidence—Opinion evidence—Expert testimony.*

1. The extent of the life of wood used for supports of a pavilion is not within the range of ordinary experience or observation and where this fact is the subject of inquiry it is not error to permit witnesses who have special knowledge of the matter, and who had built the pavilion, to express their opinion concerning it.

2. In an action of trespass to recover damages for personal injuries sustained by plaintiff in consequence of the collapse of a wooden pavilion, where it appeared that the pavilion had been erected by a former tenant of defendant's, that it had reverted to defendant at the expiration of the term, and had then been leased to a third party who covenanted to maintain the buildings in good repair and where there was evidence that the accident resulted from defects in the wooden supports which defects existed at the time when defendant leased the building, and of which defendant had constructive notice, the case was for the jury. The tenant's covenant to repair could not affect the landlord's liability.

Argued March 3, 1914. Appeal, No. 50, Jan. T., 1913, by defendant, from judgment of C. P. Berks Co., Jan. T., J. D. No. 60, on verdict for plaintiff, in case of Herman Folkman v. Frank D. Lauer. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WAGNER, J.

The opinion of the Superior Court, by HENDERSON, J., in Kane v. Lauer, 52 Pa. Superior Ct. 467, was as follows:

The plaintiff was injured by the collapse of a grandstand at a baseball park owned by the defendant. The evidence offered in support of the action tended to show that some of the upright timbers supporting the structure had become decayed and unfit for the purpose and that the stand fell because of that condition. The defendant while denying that the accident occurred be-

cause of the rotten condition of the upright supports contends that he is not liable for the consequences of the accident because of the fact that the park was leased by him to an amusement company and that the latter is alone responsible if there be liability anywhere. The defendant leased the premises to George Cockill and others on May 22, 1911, for a term of two years. The lease contained a covenant that the lessees would maintain in good repair the grandstand, bleachers and building and fences on the premises. The position taken by the appellant is that the grandstand was properly constructed by a former tenant; that it came to the appellant on a reversion of the property to him at the termination of the lease; that he never used it himself and that when he again leased he bound the tenants to assume responsibility for the condition of the structure by placing on them an obligation to repair; that the defect was curable by ordinary repair and that the landlord neither assumed, nor was chargeable with, liability for injuries resulting from the neglect of the tenants to make the necessary repairs and put the structure in fit condition for the use for which it was intended. He concedes that if the defect were one of original construction of which the landlord knew or of which he should have known, his liability would continue after the lease because the correction of such a defect could not be said to be repair, but reconstruction rather, and that there is no implication that a tenant should reconstruct nor would a covenant on his part to repair include reconstruction. It is also conceded that where the buildings though properly constructed had become a nuisance and therefore dangerous to others the landlord could not divest himself of liability by leasing to a tenant. This much must be admitted, for the law is well settled that where an owner leases premises which are a nuisance and receives rent, then whether in or out of possession he is liable if he knew or with the exercise of reasonable diligence could have known of its condition. This is the

doctrine of the common law as held in Rich v. Basterfield, 56 E. C. L. 784. The same principle is announced in House v. Metcalf, 27 Conn. 631; Lusk v. Peck, 116 N. Y. Supp. 1051; Swords v. Edgar, 59 N. Y. 28; Campbell v. Portland Sugar Co., 62 Me. 552. In this State Godley v. Hagerty, 20 Pa. 387; Knauss v. Brua, 107 Pa. 85; Wunder v. McLean, 134 Pa. 334; and Cunningham v. Rogers, 225 Pa. 132, establish the same rule. In the case last cited it is said: "The general principle is undisputed that when a landlord lets premises in a dangerous condition, he is liable for the consequences which may result from the condition he permitted to exist." He is not relieved from responsibility merely by the fact that the tenant is in exclusive possession of the premises. If the defect in the building existed when the lease was made and he knew it or could have known it in the exercise of due care it was his duty to make necessary reconstruction to render the place safe for the people who were to occupy it and this could have been done before the tenants went into possession. It is contended further that the action cannot be maintained because of the clause in the lease obligating the tenants to maintain in good repair the buildings and fences on the premises. This is an agreement establishing a relation between the parties to the contract but does not operate to relieve the lessor from a duty resting on him when the contract was executed. Whatever may be the rights or liabilities of the parties to the lease between themselves, the responsibility of the landlord for a dangerous condition of the demised premises at the time the tenants took possession is not shifted by the undertaking of the tenants to make repairs so far as the rights of a stranger to the contract are concerned who was rightfully on the premises and was injured because of the failure to remove such dangerous condition. Numerous authorities support this view of the case as does also the logic of the facts: Campbell v. Portland Sugar Co., 62 Me. 552; Lusk v. Peck, 116 N. Y. Supp. 1051; Swords

v. Edgar, 59 N. Y. 28; Godley v. Hagerty, 20 Pa. 387; Sherman & Redfield on Negligence, section 709a. Assuming that the defect was known or could have been known by the exercise of ordinary diligence and care, it was in the power of the landlord to put the property in condition for the uses for which it was intended and his failure so to do would render him responsible to strangers to the contract who are injured as the result of such neglect. What was the condition of the grandstand at the time the tenants took possession was, of course, a question of fact. The defendant knew what use, was to be made of the property and, indeed, had bound the tenants to use it in a particular way. The rent provided for was to be derived from the patronage which the public gave to the exhibitions to be held there, and the landlord was directly responsible, therefore, for the use to which the building was applied and is presumed to have anticipated that it would be filled from time to time by spectators of the games. If, with this knowledge he let the premises in a dangerous condition he was maintaining a nuisance for which he was liable. Responsibility exists as well for a condition existing at the time of the lease as for a defect in original construction even though the condition complained of had its beginning after the structure was completed: Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489; Kirchner v. Smith, 207 Pa. 431. It is urged that the grandstand was not a nuisance at the time it was leased because it was located at a distance from the public highway; that it was not then in use and no one was invited to enter it; that it could only become a nuisance or a menace when people entered it by invitation and that as this use was only to be made by the tenants in the prosecution of their business the liability was on them and not on the landlord. But the responsibility of the landlord relates not only to a condition which is a nuisance when the lease is granted but to conditions which must in the nature of things become dangerous

when the thing is used: Rich v. Basterfield, 56 E. C. L. 784; Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489. If a landlord rent a building which is in a condition dangerous for occupancy with the intention that it be occupied and its use is in conformity with that intention he becomes responsible for injuries resulting from that condition. As the tenants were required by the lease to use the property for the entertainment of the public the landlord participated in inviting the spectators to witness the games and it was his duty to exercise reasonable care to the end that those who occupied his building should not be subjected to peril from a condition existing at the time the tenants were put in possession. The court charged the jury in language not to be misunderstood that if the decayed condition of the beams or upright supports alleged to have been the cause of the accident did not exist at the time the lease was made but came into existence between that date and the time when the grandstand collapsed the defendant would not be liable in the action, but that if the defects were there when the term was granted to the tenants and continued to the time of the accident and were the cause thereof and if they were such as could have been discovered and remedied by a man of ordinary prudence in the exercise of due care, then the defendant was responsible and that the fact of the occupancy of the premises by the tenant under the lease did not relieve the defendant from such liability. This instruction was in accordance with the law as will appear by reference to the authorities cited and others on the same subject. The case therefore turned on the question of fact as to the condition of the grandstand before the lease was made and the knowledge or means of knowledge which the owner had with reference to its condition. The evidence was somewhat conflicting on this subject, but the jury accepted the statements of the plaintiff's witnesses; and with that conclusion we have nothing to do for there was evidence which necessarily carried the case to the

jury.   The lease was executed on May 22, 1911, and the accident occurred on July 4, following.   The jury alone could say whether the rotten condition of the posts shown by some of the plaintiff's witnesses had developed after the tenants took possession.   The learned counsel for the appellant has presented an able argument in support of the position taken, but we are not convinced that the court erred in the instructions complained of.

The judgment is affirmed.

Verdict for plaintiff for $5,622, and judgment thereof. Defendant appealed.

*Errors assigned* were various assignments referred to in the opinion of the Supreme Court.

*Joseph R. Dickinson* and *Henry P. Keiser,* for appellant.

*C. H. Ruhl,* for appellee.

PER CURIAM, March 30, 1914:

The plaintiff was injured by the breaking of the wooden supports of a pavilion in an amusement park owned by the defendant and leased by him six weeks before the accident to a tenant to be used for public entertainments.   The pavilion was erected four years before the time of the accident, by a former tenant of the defendant and it came into the defendant's possession two years before on the expiration of the lease.   The main question of fact at the trial was whether the defects in the wooden supports which caused the pavilion to break down were the result of decay which existed when the lease was made and would have been discovered by the exercise of due care.   In order to show constructive notice witnesses who had special knowledge of the subject and who had built the pavilion were allowed to testify as to the life of wood used in the situation in which the supports in question were placed.   The admission of

this testimony is the subject of the first two assignments of error. The subject matter of the inquiry is not within the range of ordinary experience or observation and it was competent to receive the opinion of witnesses having a particular knowledge of it.

The remaining assignments are to the refusal of the court to direct a verdict for the defendant and to enter judgment in his favor non obstante veredicto. In Kane v. Lauer, 52 Pa. Superior Ct. 467, an appeal by the same defendant in an action that arose from the same occurrence and in which the testimony was substantially the same as in this case, the questions raised by these assignments were considered and decided and it is needless to discuss them. We are in entire accord with the decision of the Superior Court in that case and with the reasons in support of it stated in the opinion of Judge HENDERSON. On his opinion we overrule the assignments which relate to the liability of the owner of a building to a third person injured by its defects while in the possession of a tenant.

The judgment is affirmed.