# Harte, Appellant, *v.* Jones.

*Landlord and tenant—Negligence—Primary liability of tenant —Liability of landlord—Dangerous construction—Nuisance per se —Contract to repair—Licensing tenant to commit nuisance.*

1. At common law, subject to certain exceptions, the occupier or tenant, and not the landlord is liable for injuries occurring to a third person on or off the premises.

2. If a building in possession of a tenant becomes dangerous in law, the owner is not liable for an injury occurring thereon; the same rule obtains where the premises are leased as flats to different tenants.

3. The exceptions to the general rule are where the landlord contracts to repair or has let the premises in a ruinous condition, or has licensed the tenants to do acts amounting to a nuisance; the landlord is also liable if the premises are dangerously constructed or a nuisance per se.

4. Where a landlord is liable for defective construction or condition at and before the tenancy begins, the liability continues throughout the tenancy, but, to cause him to be liable, the premises must be so constructed or be in such condition that, in and of itself, it amounts to a nuisance.

5. An entrance to a cellar from a street, guarded by a door, is not a dangerous construction or a nuisance per se.

6. It is the duty of a tenant to keep such door closed, and no liability is imposed upon the landlord because he knew that at times the door had been open.

7. If any part of the door became out of order, so that it would not properly close, was so through use by the tenant, in which case the landlord would not be liable.

Argued May 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 160, Jan. T., 1926, by plaintiff, from order of C. P. Crawford Co., May T., 1923, No. 55, refusing to take off compulsory nonsuit, in case of Dora C. Harte v. Charles W. Jones. Affirmed.

Trespass for personal injuries. Before PRATHER, P. J. The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*Otto Kohler,* for appellant.—The testimony of the witnesses, if believed by a jury, was sufficient to charge defendant with constructive notice of the dangerous condition of the place and put upon him the burden of making it safe for persons passing the place: Bier v. Mfg., 130 Pa. 446.

A landlord out of possession is liable for an accident to a stranger caused by a pitfall on his premises when he has knowledge of the dangerous condition of the place: Kane v. Lauer, 52 Pa. Superior Ct. 467; Smith v. Hartman, 79 Pa. Superior Ct. 126.

*Walter J. McClintock,* with him *John A. Bolard* and *John O. McClintock,* for appellee, cited: Borman v. Realty Co., 264 Pa. 156; Duffin v. Dawson, 211 Pa. 593; Lindstrom v. Penna. Co., 212 Pa. 391; McLaughlin v. Kelly, 230 Pa. 251; Ginsler v. Kemble, 227 Pa. 508; Wunder v. McLean, 134 Pa. 334; Towt v. Phila., 173 Pa. 314.

OPINION BY MR. JUSTICE KEPHART, June 26, 1926:

Appellant sued to recover damage from the landlord for an injury received on the premises. At common law, subject to certain exceptions, the occupier or tenant and not the landlord was liable for injuries occurring to a third person on or off the premises: Wolk v. Pittsburgh Hotels Company, 284 Pa. 545, 550. We held in Schott v. Harvey, 105 Pa. 222, that a tenant in possession is practically the owner of the property. If the building afterwards became dangerous in law, the owner was not liable for an injury occurring thereon. The same rule obtains where the premises were leased as flats to different tenants; the owner liable was the person in possession and control when the fire occurred: Keely v. O'Connor, 106 Pa. 321, 325. The exceptions to this rule are where the landlord contracts to repair or has let the premises in a ruinous condition, or has licensed the tenant to do acts amounting to a nuisance: Cunningham v. Rogers, 225 Pa. 132. The landlord is also liable if the premises are dangerously constructed or a nuisance per se. Under the facts of this case there was no contract to repair. The premises were not in a ruinous condition, nor was there a license permitting a tenant to commit a nuisance. The only question is whether the construction was dangerous.

Two buildings located close together were separated by a very narrow way closed on the street side by a door which was kept securely fastened at the time, appellee leased his building. This was excavated below the street level, so as to permit an entrance from it to the cellar

under the leased building first descending a stairway between the buildings in the rear. The excavation continued in this space between the buildings up to the street line, where there was a drop of several feet. Here the door closed the excavation from the public.

Appellant, a stranger, was compiling a telephone directory. After securing an advertisement from the tenant in the leased building, she left that place for the telephone office, which was the building adjoining the narrow open space on the side of the landlord's property. Although there was a door through which she might have entered the office, she hurriedly pushed open the first door, the small one between the two buildings and, though it was broad daylight, stepped inside and fell to the ground below, sustaining some injury.

It is appellant's contention that the precipitate drop close to the highway without adequate protection was a dangerous construction and that the landlord, having leased the premises in such condition, would be liable, as for a nuisance permitted to exist, and that the mere fact of a tenant's occupancy of premises when an accident happens would not relieve the landlord from the consequences of his own neglect: Wunder v. McLean, 134 Pa. 334, 339; Reading City v. Reiner, 167 Pa. 41; Kirchner v. Smith, 207 Pa. 431, 436. Where a landlord is liable for a defective construction or condition at and before the tenancy began, the liability continues throughout the tenancy: Wunder v. McLean, supra. But to cause him to be liable, the premises must be so constructed or be in such condition that in and of itself it amounts to a nuisance: Brown v. White, 202 Pa. 297, 311.

The entrance to the cellar from the street guarded by the door was not a dangerous construction or a nuisance per se. It is similar in some aspects to Borman v. Improvement Company, 264 Pa. 156, where a stranger in an effort to locate a stairway leading to the second floor in a building used generally by the public, was misled by

a light above the transom of a door leading into the cellarway, into which he stepped and fell to the ground below, receiving injuries. We said there was nothing inherent either in location or design that would stamp the construction to the cellar as a nuisance per se. The landlord, though consenting to the stairway being made to the cellarway, by his tenant, would not incur responsibility by mere consent to the improvement. The primary duty devolved on the tenant who was in possession to see that it was safeguarded. See 16 R. C. L., section 584, page 1063, section 613, page 1095. Thus in Duffin v. Dawson, 211 Pa. 593, where a person was injured by the tilting of a cellar door not properly closed, and the premises were in the possession of a tenant, this court held the landlord not liable since the condition arose from neglect by the tenant. See also Fehlhauer v. St. Louis, 178 Mo. 635; 77 S. W. 543.

There is nothing in this record showing any duty on the part of the landlord to keep the door closed. A door amply sufficient for its purpose was built to keep people out of an excavation which, because of its location, was admittedly dangerous. In this the landlord performed his full duty. This is true even if the door catch was out of repair or would not properly close; it was the tenant's duty not only to repair but to keep the door closed. It is immaterial under these circumstances whether the landlord knew the door at times had been open. It should have been kept closed at all times, and this duty rested on the tenant. If any part of the door became out of order so that it would not properly close, it became so through use, by the tenant.

The judgment of the court below in entering the nonsuit is affirmed.