# Richey, Appellant, v. Armour.

*Negligence—Outside stairway—Ice on steps—Overhanging eaves —Notice—Nonsuit—Landlord and tenant.*

1. It is not negligence to place an outside uncovered stairway under the overhanging eaves and gutter of a building so that water may drip down on the steps of the stairway and form ice thereon.

2. If a patient of a dentist who is a tenant of an office in such building, slips on the stairway and is injured, she cannot recover damages from the owner of the building, and especially is this so where it appears that the ice must have formed within the two hours in which she was in the office.

3. The plaintiff, in such case, cannot apply the rule that where an owner demises property with an existing defect thereon which creates danger to, and will be likely to injure, third persons if the property be used for the purpose and in the manner contemplated by the demise, he may be liable for injuries resulting from the defect.

Argued March 20, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 25, March T., 1928, by plaintiff, from order of C. P. Washington Co., Nov. T., 1925, No. 124, refusing to take off nonsuit, in case of Myrtle W. Richey v. Sarah F. Armour. Affirmed.

Trespass for personal injuries. Before CUMMINS, J. The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*Lloyd O. Hart* and *John C. Judson,* for appellant.— A common stairway, or portion of a building used in common by separate tenants, is under the care of the landlord, and it is his duty to keep them in ordinarily good condition: Lewin v. Pauli, 19 Pa. Superior Ct.

447; Shay v. Sherwood, 66 Pa. Superior Ct. 463; Prager v. Gordon (No. 1), 78 Pa. Superior Ct. 76.

This duty applies to customers of tenants: Sloan v. Hirsch, 283 Pa. 230; Folkman v. Lauer, 244 Pa. 605; Levin v. Phila., 277 Pa. 560.

Defendant was negligent in constructing and maintaining the outside, uncovered, common stairway under the overhanging edge and gutter of the roof, and the question of such negligence was for the jury: Wunder v. McLean, 134 Pa. 334; Folkman v. Lauer, 244 Pa. 605; Kane v. Lauer, 52 Pa. Superior Ct. 467; Levin v. Phila., 277 Pa. 560; Mullen v. McGeagh, 88 Pa. Superior Ct. 381.

*Adolph L. Zeman,* for appellee.—The pleadings in this case limited the proof of negligence to defects in the original plan of construction of the building, and there was insufficient evidence to establish such negligence: Garver v. Lightner, 275 Pa. 401; Harte v. Jones, 287 Pa. 37.

There was no causal connection shown between the drip from the eaves and plaintiff's fall: B. & O. R. R. v. School Dist., 96 Pa. 65; Karchner v. R. R., 218 Pa. 309; Toole v. R. R., 27 Pa. Superior Ct. 577.

OPINION BY MR. JUSTICE SCHAFFER, April 16, 1928:

Defendant is the owner of a property the second floor of which is leased to two tenants, one of them a dentist and the other a doctor. The approach to their offices is by an open outside stairway about thirty inches wide fastened to the side of the building. The eaves of the roof extend about ten inches over the stairway and there is a gutter along the overhanging edge. On February 21, 1924, plaintiff paid a visit to the dentist's office for treatment and on leaving it and proceeding down the stairway slipped on some ice which had formed, while she was in the office, from the drip from icicles on the eaves; she fell down the stairs and was injured. This

suit was brought to recover damages and on the trial the judge entered a compulsory nonsuit; from the refusal to take it off plaintiff appeals.

Appellant contends that the stairway was a common one and that the duty rested with defendant as owner of the building to keep it in safe condition. It is charged that it was negligence to place the outside uncovered stairway under the overhanging eaves and gutter of the building, that defendant was bound to know that in Western Pennsylvania, in the winter, snow and ice will form on the roof of a building and choke up the gutter, causing water to flow onto steps such as were placed on the outside of this structure and thus create a dangerous situation for those using the stairway. The nub of the fault alleged is the construction of the steps under the edge of the roof,—that the eaves did not completely cover them, but instead extended out only about one-third of their width.

We fail to comprehend how it could be declared negligent to construct outside stairways to a building, such means of access are quite common; nor do we see how eaves dripping on them can be said to be faulty construction. Dripping eaves are a concomitant of bad weather universally. Gutters along the edges of eaves will clog up from ice and snow and overflow under certain weather conditions. This is inherent in the nature of eaves and gutters, just as it is in roofs without them, and their maintenance could not ordinarily be held negligent. But if they should create a condition of danger which is obvious and exists for so long a time as to visit the owner of the premises with knowledge that some one may be hurt because of the condition, he might be visited with culpability; here, however, the complained of situation of slippery steps was existent for only a very short time; they were not so when plaintiff climbed them and she was not in the dentist's office more than two hours. Certainly if the eaves had dripped on the public sidewalk in front of the building and ice had formed for

so short a time and plaintiff or anyone else had there fallen the owner of the building without more being shown could not be held liable.

Plaintiff relies for recovery on the principle that where the owner demises a property with an existing defect thereon which creates danger to and will be likely to injure third persons if the property be used for the purpose and in the manner contemplated by the demise, he may be liable for injuries resulting from such defect (Brown v. White, 202 Pa. 297; Folkman v. Lauer, 244 Pa. 605; Levin v. Phila., 277 Pa. 560), but overhanging eaves are not defective construction in themselves and even where as in this case they overhang steps they are not. If they entirely covered the steps, drippings from them might cause ice to form thereon, and, without eaves, if the stairway were completely uncovered, ice might form on it from the drippings of water from the roof. Brown v. White, 202 Pa. 297, much relied upon by appellant, is very different from the present case on its facts. There the defendant constructed a drain pipe from a sink in the second story of his house, which discharged water in such a way that it flowed over the pavement and made a continuous ridge of ice over which plaintiff fell. The recovery was sustained on the ground that such a discharge of household drainage on a public sidewalk was a nuisance. No such conclusion could be reached from the mere fact that water coming from melting snow and ice dropped from the eaves of a house and ice formed from it. This is a transitory condition likely to exist with us in the winter time and no property owner is required to be always on the alert to see that the ice is removed as fast as it forms. If we should establish the rule as appellant would have us, then property owners would be liable in damages wherever there was dripping water, whether from eaves or gutters or roofs if ice formed therefrom, it matters not how quickly or how infrequently. If it should form on a walk adjacent to a house where dripping or splashing water con-

gealed and some one should slip and be injured, liability would attach; there would be no difference in principle between the stairway in the instant case and the ordinary walk near the walls of a house. We are not willing to establish such a rule of liability.

The judgment is affirmed.