Mitchell et ux. *v.* George A. Sinn, Inc., Appellant.

Argued January 12, 1932.  Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

· *Gilbert J. Kraus,* for appellant.—Where the evidence as to the existence of a dangerous condition on defendant's premises is not clear, and a connection between the alleged dangerous condition and plaintiff's injury is conjectural, a verdict should be directed for defendant: Huey v. Gahlenbeck, 121 Pa. 238; Rose v. Hotel, 300 Pa. 1; Jaras v. Wright, 263 Pa. 486; Reddington v. Phila., 253 Pa. 390; Stern v. Reading, 255 Pa. 96; Sackett v. Township, 278 Pa. 67.

Where defendant's negligence, if any, is passive and plaintiff's injury is due to an intervening, independent, human act, a verdict should be directed for the defendant: Thubron v. Contracting Co., 238 Pa. 443; Bannon v. R. R., 29 Pa. Superior Ct., 231.

*Howard R. Detweiler,* with him *Robert M. Bernstein,* for appellees.—Where the evidence as to the existence of a dangerous condition on defendant's premises is undisputed, and a connection between the dangerous condition and plaintiff's injury is shown by uncontradicted evidence, the case is one for the jury: Folkman v. Lauer, 244 Pa. 605.

OPINION BY MR. JUSTICE KEPHART, April 27, 1932:
On the evening of November 27, 1928, appellee went to her son-in-law's house to buy coal. It was dark when

she reached the residence, and, when she attempted to enter the house by the front door, her son-in-law, who was painting the floor, told her to go around to the side entrance. She proceeded through a gate and over a private concrete walk which led along the side of the house to the kitchen in the rear. After she passed through the gate and had taken about five steps on the concrete walk, she slipped on a thin coating of ice, alleged to have been caused by the freezing of an overflow of water from a sewer that had been clogged, and fell to the walk, receiving the injuries complained of. Damages were recovered in an action against the landlord.

As a general rule, occupiers of premises and not landlords out of possession are liable for injuries occurring to third persons coming on the premises. We have stated that: "At common law, subject to certain exceptions, the occupier [and not the landlord] as between himself and the public is prima facie liable for injuries occurring to third persons on or off the premises." Wolk v. Pittsburgh Hotels Co., 284 Pa. 545, 550, and other authorities there cited. The liability of a landlord to third persons, arises only when he has (1) contracted to repair, or (2) let the premises in a ruinous condition, or (3) expressly licensed the tenant to do acts amounting to a nuisance: Cunningham v. Rogers, 225 Pa. 132, 136. The lease here contained a covenant on the part of the tenant to keep the demised premises in good condition. The oral evidence cannot stand in face of this express provision in the written lease: Gianni v. Russel, 281 Pa. 320.

Appellee claims (though it was not stated in the pleadings) that she comes within the exception that the premises were defective when leased, and, as the landlord had knowledge of the defect, he became liable for the injury caused by his failure to repair (citing Wunder v. McLean, 134 Pa. 334; Kirchner v. Smith, 207 Pa. 431; Reading v. Reiner, 167 Pa. 41); and that this liability exists regardless of the tenant's covenant to re-

pair: Folkman v. Lauer, 244 Pa. 605, and Kane v. Lauer, 52 Pa. Superior Ct. 467. The facts in these cases show that the defective conditions which cause the owner's or landlord's liability are not so general as implied by the court below. Wunder v. McLean, supra, was a case of a nuisance arising through leakage from an improperly constructed cesspool causing damage to a neighbor's property. Reading v. Reiner, supra, held the owner liable for injuries occasioned by a dangerous opening in the sidewalk. In Kirchner v. Smith, supra, the house had been leased with a hole in a grating on the sidewalk. Folkman v. Lauer, supra, and the similar case of Kane v. Lauer, supra, arose from the collapse of a grandstand at a ball park. Where the public have the right or are invited generally to use the premises, the owner must have this in contemplation and his liability will be measured by such use. The effect of these cases is not to establish the rule that a landlord is liable for all defects which may cause injury to those who may enter the premises as visitors or occasional invitees.

Generally speaking, when a landlord is liable for injuries to third persons on leased premises, that liability, in jurisdictions where suit may be instituted directly against the landlord as the author of the wrong, is measured by the same rules as if he were in possession. In this view he is permitted all defenses available to his tenant.

If the action had been against the tenant as occupier and appellee entered without express or implied invitation she would be but a mere licensee and the occupier would be under no duty to her except to refrain from wantonly or wilfully injuring her: Thompson v. B. & O., 218 Pa. 444; Schiffer v. Sauer, 238 Pa. 550, 554; Hagan v. Delaware River Steel Co., 240 Pa. 222. Under such circumstances the duty of an owner as landlord to a third person would rise no higher. If appellee (apart from family relationship) entered the premises to buy coal through the tenant, when the premises had

never been used for that purpose, the landlord would be under no duty to her except that of refraining from wilfully or wantonly injuring her. See Levin v. Phila., infra.

If, because of relationship, appellee entered by invitation, expressed or implied, a more modified rule applies, and her rights are higher than those of a mere licensee. But even so, "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers:" 45 C. J. 837; Kapuscianski v. Phila. & R. C. & I. Co., 289 Pa. 388.

An owner in possession, or a tenant as occupier, is not required to have his premises in such condition that no accident could possibly befall a person entering, nor need the premises be in such condition when leased. We held an owner was not liable for injuries caused by a depression in a step in a department store: Chapman v. Clothier, 274 Pa. 394. As there stated: "To hold defendants liable for this unfortunate accident would practically be to render the storekeeper an insurer of the safety of his customers, which he is not......Of course, storekeepers are liable where they carelessly expose their customers to real dangers, like open elevator shafts, open hatchways, or obstructions in aisles, etc., but the decisions so holding are not parallel to the present case." It was held that an owner was not liable to one slipping and falling on an oiled floor, "No liability attached to the defendant from the mere happening of the accident; it was necessary to prove some special default or negligence:" Dimarco v. Cupp Grocery Co., 88 Pa. Superior Ct. 449. The same rule applied where a fall was occa-

sioned by a difference of a few inches in floor levels; this was not sufficient to prove negligence: Haddon v. Snellenburg, 293 Pa. 333, 336, 337. We said: "The landowner cannot be held liable unless there is proof that the plaintiff was injured through his negligence: Huey v. Gahlenbeck, 121 Pa. 238. It is not negligence per se or negligent construction in a store or other public place to have one floor at a lower level by a few inches than another......Unless we hold defendant was an insurer of the safety of its invitees, we must conclude plaintiff did not make out a case, as there is not a scintilla of evidence to establish negligence......The case is ruled by the principles set forth in Chapman v. Clothier, supra. It cannot be likened to those involving open elevator shafts, hatchways or obstructions in an aisle." These cases clearly establish the rule that one in possession is not liable to persons entering for minor defects on his premises. Unless he is to be held an insurer, an owner with slightly uneven walks about his house in the depressions of which quantities of water collect and freeze would not ordinarily be liable to an invitee falling thereon. Under such circumstances the defense which an occupier might or could make would be available to the landlord.

Whatever the liability may be as between landlord and tenant, it is clear the landlord should not be liable where the tenant would not be. Therefore, the foregoing rules which apply to the liability of a tenant or owner in possession should apply with added force to an owner out of possession, as landlord, where it is claimed the premises have been leased in a defective condition or with an existing nuisance per se. As to a landlord's liability to third parties see Harte v. Jones, 287 Pa. 37. In that case two buildings located close together were separated by a narrow way closed on the street side by a door. The way was excavated below the street level so that there was a drop of several feet inside the door which was at the street level to guard against entrance. A third per-

son left the leased building to go to an adjoining building and by mistake, opening the door to the way, stepped inside and fell. We held that the landlord was not liable; the condition which existed was not a nuisance per se nor was it a defect of construction as regards third persons in or about the premises. We said: "The landlord is......liable if the premises *are dangerously constructed or a nuisance per se*......To cause him to be liable, the premises must be so constructed or be in such condition that in and of itself it amounts to a nuisance: Brown v. White, 202 Pa. 297." In Bornman v. Improvement Co., 264 Pa. 156, a stranger, in an effort to locate an ascending stairway, was misled by a light above a transom of the door to the cellarway. On opening the door, he fell to the ground below. We held that this was not negligent construction or a nuisance per se, and that the landlord could not thereby incur liability. In Richey v. Armour, 293 Pa. 127, a business guest of a tenant fell on ice on steps under dripping eaves. Recovery was denied. In Levin v. Phila., 277 Pa. 560, recovery was denied to a third party whose goods were on the premises by invitation from the tenant for a purpose other than that specified in the lease, the injury being caused by collapse of a bulkhead, the weakness of which could have been discovered by inspection.

Applying the foregoing principles to the instant case, the conditions here complained of are not wanton, nor are they hidden dangers, traps, snares, pitfalls, or the like, nor do they rise above a minor defect, for which recovery has been denied. They did not constitute a nuisance per se as relates to the accident in question, but as stated in Hart v. Jones, supra, Bornman v. Improvement Co., supra, and in Richey v. Armour, supra, they created a condition which the tenant was required to make safe.

There is nothing in the record from which it might be inferred that the landlord had reason to believe from the knowledge which he had that the condition existing

on the premises would be dangerous to life or limb since it could not reasonably have been foreseen that such injury would result from the defect; the landlord under such circumstances could not be said to be negligent.

Judgment is reversed and is here entered for appellant n. o. v.