Toth et ux., Appellants, *v.* Philadelphia.

Argued September 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Michael Goldman,* for appellants.

*William B. Freilich,* with him *Joseph G. Manta, James M. Marsh,* and *LaBrum and Doak,* for appellees.

OPINION BY JACOBS, J., November 14, 1968:

The issue in this case is whether a summary judgment was properly entered in favor of the defendant Harry Hollander.

Plaintiffs instituted an action in trespass to recover for personal injuries sustained by wife-plaintiff on July 31, 1966, in a fall on the sidewalk in front of the premises at 423 West Norris Street, Philadelphia. The fall allegedly resulted from "large holes, obstructions,

depressions, irregularities or defects" in the sidewalk. Plaintiffs sued the City of Philadelphia and Harry Hollander, the owner of the premises. The complaint charged that both defendants had a duty "to keep and maintain said sidewalk in a reasonably safe condition for use by pedestrians."[1]

Defendant Hollander answered alleging that he was a landlord out of possession, averring that "the defendant Hollander leased the entire property located at 423 West Norris Street to Pedro Cumba and Cruz Cumba, his wife, who were in full possession and control of the entire property at all times material to the plaintiff's cause of action." The City of Philadelphia's answer also alleged that the sidewalk was owned, possessed, or controlled by the defendant Hollander, who it claimed was primarily and solely liable. The Cumbas were joined as additional defendants by the City.

After the pleadings were closed and interrogatories were served upon and answered by Hollander, Hollander moved for summary judgment, attaching a copy of an alleged lease between Garrison Realty Company, agent for Harry Hollander, and Pedro Cumba and Cruz Cumba, his wife. The lease recites that the Cumbas were renting "ALL THAT CERTAIN entire two story store and dwelling property numbered and known as 423 West Norris Street" for two years beginning Au-

---

[1] Paragraph 10 of the Complaint alleged: "10. The said accident and the results thereof were caused by and through the joint negligence of defendants and each of them in that each: (a) failed to use due care required under the circumstances; (b) permitted the existence of the said large holes, obstructions, depressions, irregularities or defects; (c) failed to give warning or notice of the existence of the said large holes, obstructions, depressions, irregularities or defects; (d) disregarded the rights and safety of the plaintiff and other pedestrians lawfully intending to be upon the said sidewalk; and (e) failed to provide a safe and proper route of travel for the plaintiff and other pedestrians proceeding on foot in and along the said sidewalk."

gust 20, 1964 and ending August 19, 1966. This lease copy was affixed to the motion for summary judgment as an exhibit but no affidavit was attached or presented in support of the motion and exhibit.

Plaintiffs filed an answer to the motion for summary judgment in which they alleged that "(a) there are genuine issues as to material facts regarding the lease marked Exhibit 'A' and occupancy, making a trial essential to resolve them; and (b) notwithstanding defendant's allegations as to the lease and occupancy, he may still be found liable, as a landlord out of possession, for the damages pleaded by plaintiff."

Judge REIMEL of the lower court granted defendant's motion for summary judgment. We reverse.

It is well established that we can sustain a summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa. R. C. P. 1035(b); *Michigan Bank v. Steensen*, 211 Pa. Superior Ct. 405, 236 A. 2d 565 (1967). The record must be examined in the light most favorable to the nonmoving party. *Schacter v. Albert*, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968). The court must accept as true all well-pleaded facts in the plaintiff's pleadings, giving the plaintiff the benefit of all reasonable inferences to be drawn therefrom. Id. Finally, a summary judgment should be granted only when the case is clear and free from doubt. *Mallesky v. Stevens*, 427 Pa. 352, 235 A. 2d 154 (1967).

In his answer to the complaint defendant Hollander alleged that he had leased the entire property to the Cumbas and was thus an owner out of possession at the time of plaintiff's alleged injuries and therefore

under no duty to maintain the sidewalk at that time. This allegation was not in the form of new matter and plaintiffs were under no duty to reply. At this point, whether plaintiffs' allegation in their complaint that the sidewalk was under the possession, management and control of Hollander was true, was a very material factual issue. Did attaching the lease with the Cumbas to the motion for summary judgment resolve this factual issue in favor of Hollander? We think not. Nowhere do the plaintiffs admit the validity of the lease and in answer to the motion they aver issues of material fact regarding the lease and occupancy.

Furthermore, since the motion for summary judgment with the attached exhibit is not sworn to in any way, but is simply signed by the attorney, we question the power of the court to consider it in passing on the motion. Unsworn documents are neither referred to in Rule 1035 nor would it appear that they could be classified inferentially among the documents in which factual matters may be presented for purposes of summary judgment. See *Wittlin v. Giacalone*, 154 F. 2d 20 (D.C. Cir. 1946) ; *Sardo v. McGrath*, 196 F. 2d 20, 23 (D.C. Cir. 1952) ; *United States v. Tuteur*, 215 F. 2d 415, 417 (7th Cir. 1954) ; *Steven v. Roscoe Turner Aero. Corp.*, 324 F. 2d 157, 161 (7th Cir. 1963) ; cf. *Lawson v. American Mot. Ins. Corp.*, 217 F. 2d 724, 726 (5th Cir. 1954) ; *United States v. Johns-Manville Corp.*, 259 F. Supp. 440, 457-58 (E.D. Pa. 1966) ; *Shinaberger v. United Aircraft Corp.*, 262 F. Supp. 52, 56 n. 3 (D. Conn. 1966).[2] However, we will not rest our decision on this ground alone.

---

[2] Since the language of Rule 1035(b) (referring to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any") was taken verbatim from Federal Rule of Civil Procedure 56(c), interpretation of the scope of Rule 1035 can be appropriately aided by reference to federal cases. *Schacter v. Albert*, supra.

Defendant argues and the lower court noted that a landlord is generally not liable for bodily harm sustained on his property when he is entirely out of possession and control, citing *Craig v. Ryan*, 201 Pa. Superior Ct. 307, 191 A. 2d 711 (1963). This is certainly a correct statement of the general rule, as Judge MONTGOMERY'S opinion in the *Craig* case well documents. A long established exception to this rule, however, has been that if the defect existed at the time the lease was executed, the landlord remains responsible to an injured third party. See *Reading v. Reiner*, 167 Pa. 41, 31 A. 357 (1895); *Kirchner v. Smith*, 207 Pa. 431, 56 A. 947 (1904); *McLaughlin v. Kelly*, 230 Pa. 251, 79 A. 552 (1911); *Ford v. Philadelphia*, 148 Pa. Superior Ct. 195, 24 A. 2d 746 (1942); *Gerber v. Jones*, 151 Pa. Superior Ct. 489, 30 A. 2d 534 (1943); *Kelly v. Horn*, 173 Pa. Superior Ct. 603, 97 A. 2d 833 (1953). See also *Wunder v. McLean*, 134 Pa. 334, 19 A. 749 (1890); *Harte v. Jones*, 287 Pa. 37, 134 A. 467 (1926); *Knickerbocker v. Scranton*, 344 Pa. 317, 25 A. 2d 152 (1942). Other exceptions are suggested by §357 of the Restatement 2d, Torts (1965), adopted as the law of this state in *Reitmeyer v. Sprecher*, 431 Pa. 284, 243 A. 2d 395 (1968), and the immediately following sections of the Restatement.

On the record before us it cannot be found as a fact that the defects in the pavement appeared after the leasing. Only in the plaintiffs' complaint is the matter touched upon. Examining their complaint in the light most favorable to them and giving them the benefit of all reasonable inferences, the complaint can be read to allege that the defects existed "on the 31st day of July, 1966, and for a long time prior thereto." This leaves a genuine issue of material fact and the case lacks the clarity and freedom from doubt necessary to warrant summary judgment.

Judgment reversed with a procedendo.