## Stajnrajh v. Continental Casualty Company

*William F. Caruthers*, for plaintiff.

*Smith, Best & Horn*, for defendant.

SCULCO, J., September 23, 1966.—This case comes before the court on defendant's motion for judgment on the pleadings. Anthony James Stajnrajh filed a complaint in assumpsit setting forth in substance that defendant, Continental Casualty Company, for a quarterly premium issued an accident and health policy to him agreeing to pay indemnity for loss resulting from an injury caused by an accident or sickness. Plaintiff then claimed that he was injured in an accident on September 9, 1964, that as a result thereof he incurred hospital and doctor bills and was totally disabled from September 12, 1964, to May 25, 1965. He further claimed that he is, therefore, entitled to the sum of $2,370 under the terms of the policy.

Defendant company filed an answer denying that plaintiff was injured in a compensable accident and, in new matter, set forth that plaintiff's injuries and damages resulted from a voluntary parachute dive made by the plaintiff as a member of a "sky diving" club, and thus, coverage was excluded under the provisions of the policy, which states:

"This policy does not cover any loss, fatal or nonfatal, caused by or resulting from . . . (3) injury sustained in consequence of riding as a passenger or otherwise in any vehicle or device for aerial navigation other than as a passenger for transportation only (and not as a pilot or crew member nor for the performance of any duty of his occupation connected with such flight) in any aircraft which has been certified as airworthy by the appropriate authority of the country of its registry. . . ."

Plaintiff filed an answer to the new matter admitting that the injuries occurred when he was "sky diving" when he voluntarily ejected and propelled himself from an aircraft and made a parachute jump, sus-

taining injuries when he came in contact with the ground, but denying that recovery was excluded under the quoted provision of the policy.

Defendant then filed a motion for judgment on the pleadings under the new Pennsylvania Rule of Civil Procedure 1035. The rule now provides that in addition to rendering judgment on the whole case, the court may define all the facts that are without substantial controversy.

The first question involved is whether a sky diving parachute jump resulting in injury upon contact with the ground is within the provisions of a health and accident policy which indemnifies for injury caused by accident, but excludes coverage for "injuries sustained in consequence of riding as a passenger or otherwise in any vehicle or device for aerial navigation". Plaintiff argues that defendant is not entitled to a summary judgment under Pa. R. C. P. 1035 because there are material facts in dispute. In support of this argument, plaintiff says that a parachute is not a device for aerial navigation, that he was a passenger and, therefore, was within the exception to the aircraft exclusion features of the policy, which allows coverage where injury is sustained while as a passenger for transportation. Plaintiff cites the usual rules of construction as applied to insurance contracts to the effect that doubtful meanings are to be construed against the drafter and resulting ambiguity in favor of the policy holder, but construction of the terms of an insurance policy as well as any other contract is also a question of determining the most reasonable, probable and natural intention of the parties, bearing in mind the objects manifestly to be accomplished: Unit Vending Corporation v. Lacas, 410 Pa. 614 (1963). Plaintiff's contention that sport parachuting, an activity of obvious dangerous possibilities, is not within a policy exclusion for injury sustained in consequences of rid-

ing in any device for aerial navigation cannot be sustained. It is apparent that the language in the exclusionary clause of the policy was intended by the parties to be broad enough to encompass all modes of aerial movement. Plaintiff concedes that a parachute is a "device" and that it is "aerial". He denies, however, that it is an instrument for navigation. Webster's New Twentieth Century Dictionary, 2d ed., 1964, defines navigation as the act or practice of navigating. Navigate is defined as traveling through, on or over land, air, sea, etc., in a boat or aircraft. It is well known that the parachutist has some degree of charge and control over his parachute while making his descent, and we, therefore, believe that it is a device for navigation within the meaning of that term as used in the insurance policy in question. For the same reason, plaintiff's contention that he was a passenger for transportation only cannot be sustained. It must be conceded that he was the only person in charge and control of the parachute while making the jump. His alternative contention, that he was not injured while a passenger, but when the ride concluded upon his reaching the ground, also cannot be sustained. The end of a journey is as much a part of it as is the beginning or any other portion, and it cannot be divorced or separated from it.

The aircraft exclusion provision of the policy encompasses injuries sustained while a passenger or *otherwise*. It seems to us that the obvious and manifest purpose of the parties to the insurance policy involved herein was to exclude *all* risks which might arise by reason of the participation of the insured in aviation or other aeronautics except in those cases in which he was a fare-paying passenger.

Plaintiff also raises the question of whether defendant can be granted summary judgment under rule 1035 where the matter has already been scheduled for

hearing before a board of arbitrators. The rule provides that the motion may be made after the pleadings are closed, but within such time as not to delay trial. Both rule 1035 and the arbitration proceedings are designed to expedite litigation to its ultimate conclusion. We see no conflict between the two procedural devices and we cannot see how the granting of defendant's motion at this time in any way affects that objective. For the above reasons, defendant's motion under rule 1035 for summary judgment is sustained.

## ORDER

And now, to wit, September 23, 1966, it is ordered, adjudged and decreed that the motion of defendant for judgment on the pleadings be and the same is hereby sustained.