Jannetta et al., Appellants, *v.* Recklitis.

172

Argued December 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Randolph A. Warden,* for appellants.

*David S. Foulke,* submitted a brief for appellees.

OPINION BY MONTGOMERY, J., March 20, 1969:

In an action of assumpsit plaintiffs-appellants sought to recover money they had expended to connect the facilities of their home to the sanitary sewer system of Abington Township, a township of the first

class. Appellants had purchased the property from defendants-appellees under an agreement which provided that:

"11. Any notices or ordinances filed subsequent to the date of this agreement by any governing authority *for which a lien could be filed* are to be complied with at the expense of the buyer, provided said buyer takes title hereunder. Any such notices or ordinances filed prior to the date of this agreement are to be complied with at the expense of the seller." (Emphasis supplied)

Appellants alleged that notice had been given to the appellees prior to the date of the agreement to make the connection aforementioned, that they had failed to do so and that subsequently appellants were compelled to make it at their expense. The lower court sustained appellees' preliminary objections and dismissed the complaint for the reason that the notice received by appellees was not such "for which a lien could be filed" as to bring it under the terms of the agreement of sale. This appeal followed.

The aforesaid notice was given to appellees under Abington Township Ordinance No. 878, which provided, inter alia:

"(a) . . . *it is the duty of such owners to cause the buildings erected on their premises . . . to be connected therewith at their own expense . . .*; and that upon the failure of any such owner to comply with the requirements of such notice and of this Ordinance, the said Department of Public Health will cause such connection to be made at the expense of such owner . . .

"(d) Upon the failure of any owner . . . who has been duly notified . . . to cause any building . . . to be connected with any such sewer, to comply with the requirements of any such notice or with the provisions of this Ordinance, the Department of Public Health shall report such failure to the Board of Township

Commissioners, and if the said Board shall then so direct the said Department shall cause the necessary connections to be made, and, upon completion of the work . . . shall render a bill covering the cost of said work to the owner of such premises . . . . All such bills shall contain a notice that, if bills be not paid within sixty (60) days after the date thereof, the same shall be collected in the manner provided by law. Upon the expiration of sixty (60) days after said bills shall have been rendered to the owners of such premises, it shall be the duty of the Township Treasurer to refer to the Township Solicitor all such bills remaining unpaid, and the Township Solicitor shall thereupon take the necessary action to effect the collection of such unpaid bills in the manner provided by law."

The learned lower court concluded that Ordinance No. 878 did not authorize a lien for noncompliance with a connection directive and that there appears to be no statutory authority so to do.

The First Class Township Code, Act of June 24, 1931, P. L. 1206, art. XXIV, §2401-2401.1, as amended, 53 P.S. §57401-57401.1, under which Ordinance No. 878 was passed, authorizes the establishment of sewer systems and provides that, "The township commissioners may permit, and, where necessary for the public health by ordinance, require any owner of abutting property . . . to make connections with such sewer . . . [and] may by penalties enforce any regulation they may ordain with reference to any sewer or drainage connections . . .", and further, "All persons so connecting may be required to pay, in addition to the cost of making such connections, a monthly or annual rate prescribed by ordinance. Such monthly or annual rate shall constitute a lien, until paid, against the property so connecting with such system, and the amount thereof may be recovered by due process of law."

We are constrained to conclude from our study of this section of the Code that the Legislature intended only that the township could compel property owners to make connections at their own expense by the imposition of penalties for failure to do so after notice. See *Lower Merion Township v. Becker*, 42 Pa. Superior Ct. 203 (1910), for example of this procedure. Cf. *Southwest Delaware County Municipal Authority v. Aston Township*, 413 Pa. 526, 198 A. 2d 867 (1964). We find no authority for them to make such connection when the property owner has failed to do so after notice and then seek reimbursement from the owner by suit or lien.[1] The lien provision of this section clearly applies only to monthly or annual charges for the use of the main sewer and not for making connections.

Appellants contend, however, that the authority for making such connections and filing liens for the collection of the expenses therefor is to be found in Sections 1 and 3 of the Act of May 16, 1923, P. L. 207, 53 P.S. §§7101-7106. We cannot accept this contention. This Act provides the procedure for the filing, perfecting and collecting of municipal claims, including those for making such connections which are lawfully imposed. It does not give a right to impose them.

Appellants have cited *Kraft v. Hankin*, 71 York L.R. 5 (1957), in support of their contention. At the

---

[1] The Borough Code provides for penalties as means of forcing property owners to make such connections. Act of February 1, 1966, P. L. (1965) 1656, §2051, 53 P.S. §47051, but also authorizes Borough to make the same and collect by municipal claim or an action in assumpsit. Section 2052, 53 P.S. §47052.

Also in Second Class Townships authority is found in the Act of May 1, 1933, P. L. 103, art. XV, §1501.1, added to the Act of January 14, 1951 (1952), P. L. 1989, §1, 53 P.S. §66501.1, for authority to connect sewers and to file municipal claims for the collection of the costs. However, we fail to find similar authority for the same action by townships of the first class.

outset this case is distinguishable for the reason that it was brought for breach of warranty in a deed, that breach being that at the time of delivery of the deed the property was not connected to the sanitary sewer of the City of York in dereliction of an ordinance of that city requiring the connection. Our present case is based on a specific provision in the agreement of sale.

Also the ordinance there considered provided that if the property owner failed to make the connection after notice, the city might do so and collect the cost thereof plus a ten per cent penalty from the owner, "which amount shall be a lien upon the premises from the time of the completion of the work." In discussing the difference between an encumbrance and a lien or inchoate right of lien, the court considered our opinion in *Berger v. Weinstein*, 63 Pa. Superior Ct. 153 (1916), and said, "There was *no* legislation authorizing the city to correct the defect and file a lien for the costs, as in the present case." (Emphasis supplied) Although our attention has not been directed to any Act of Assembly authorizing third class cities to make such a connection and claim a lien therefor, the legality of the ordinance in that case was not questioned. However, the distinction is that there the ordinance provided for a lien, whereas in the present case there was no such provision or any statutory authority for doing so. *Kraft v. Hankin*, supra, therefore does not support appellants' argument in the present case.

Since we find no authority to justify the filing of a municipal lien by reason of appellees' failure to respond to the notice they received from the township to connect their facilities to the municipal sewer, appellants' complaint failed to state a cause of action against appellees for breach of contract and was properly dismissed.

Order affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

In my opinion, the majority has ignored the intent of the parties to this contract and has reached its conclusion based on an analysis which ignores the reality of the situation.

In November of 1964, the sellers received notice from the Township of Abington, Montgomery County, Pennsylvania to connect their property to the township sewer in accordance with the provisions of §204 of Abington Township Ordinance No. 878. As the majority opinion reflects, that ordinance specifically authorizes the Department of Public Health of the Township to make the connection, charging this service to the landowner.

The sellers did not comply with this notice and never made the connection. Over two years later they entered into an agreement to sell the property. The agreement provided that any notices filed prior to the date of the agreement for which a lien could be filed should be complied with at the expense of the seller.

After settlement, plaintiffs were required to make the connection at a cost in excess of one thousand dollars. This suit was brought to recover the cost of that connection.

It should first be noted that the parties entered into their agreement in a Township where the ordinance allowed the Township to make a sewer connection, if the landowner failed to do so. Such service would result in a "municipal claim" under the General Municipal Law, Act of May 16, 1923, P. L. 207, §1, 53 P.S. §7101, which states: "The words 'municipal claim' as used in this act ..., mean and include ... (1) the claim arising out of, or resulting from, ... service supplied, work done or improvement authorized and undertaken by a municipality ... and a lien therefor be not filed, but becomes filable within the period and in the manner herein provided."

Section 3 of the said Act, 53 P.S. §7106, provides that any such municipal claim becomes and is declared to be a lien on said property.

In short, the ordinance states that the township might make the connection on its own. The General Municipal Law provides that if it did make such connection, it would constitute a municipal claim and an automatic lien. This would clearly fall within the language of the agreement of sale relating to a municipal notice "for which a lien *could* be filed." (Emphasis added).

The majority opinion and the appellees do not, apparently, disagree with the above interpretation to this point. The appellees claim that no lien could ever be filed, however, because:

"The authority for a Township of the First Class to require connection to a township sewer is found in the First Class Township Code, Act of June 24, 1931, P. L. 1206, Art. XXIV, sec. 2401, as amended; 53 P.S. 57401. The authority to require connection to a township *authority's* sewer is found in the next succeeding section of the Code, i.e., 53 P.S. 57401.1. In both sections the Township is given authority to impose penalties for failure to comply with an ordinance that requires connection to the sewer. In neither case is the Township authorized to *actually make* the connection and file a lien."

The majority accepts appellees' argument which, reduced to the most simple terms, concludes that the ordinance is illegal to the extent that it authorized the township to make sewer connections on its own. Since the township could not have made the connection, a municipal claim in this regard could never have arisen, and, therefore, no lien could have been filed. On this basis the majority sustained the dismissal of plaintiffs' complaint before trial.

The error in this analysis, in my opinion, arises from the majority's concern with the legality of the ordinance, whereas its attention should have been focused on the intent of the parties to the contract. In entering judgment on the pleadings, the court has denied the parties the opportunity to establish their intent.

In construing any contract, we give primary effect to the intent of the parties manifest at the time of its execution. *United Refining Co. v. Jenkins*, 410 Pa. 126, 189 A. 2d 574 (1963) ; *Unit Vending Corp. v. Lacas*, 410 Pa. 614, 190 A. 2d 298 (1963). Here, when the agreement of sale was made, it is probable, that both buyer and seller, or their representative attorneys or real estate brokers, believed that the ordinance authorizing the township to make sewer connections was valid, gave rise to a lien and was binding upon the parties. Indeed, it is improbable that the seller entered into this agreement under the assumption that the township ordinance would be held illegal at some future date.

Moreover, the intent of the parties could be established by reference to the practice in Abington Township at that time. If it could be established that the township was in the practice of making sewer connections and filing liens thereon, further proof would be provided that the parties were acting pursuant to that practice.

In short, I believe that the sellers may now be seeking to hide behind a technical objection to the ordinance which was not apparent to them at the time of the signing of the agreement. Simply stated, in construing this contract, it was the obligation of the lower court to determine not what liens could be filed but what liens the parties thought could be filed. The intent which we should seek to ascertain is what no-

tices in the opinion of the parties to the contract were to be the obligation of the seller.[1]

This determination, of course, can only be made by the finder of fact after a trial where all of the parties have testified. Judgment on the pleadings should only be entered when a case is free and clear from doubt. *Toth v. Philadelphia*, 213 Pa. Superior Ct. 282, 247 A. 2d 629 (1968); *Mallesky v. Stevens*, 427 Pa. 352, 235 A. 2d 154 (1967).

I would vacate the order of the lower court and remand this case for trial.

WRIGHT, P. J., joins in this dissent.

_____

[1] The significance of the majority's opinion will extend far beyond the limited issues in this case. Its decision, in effect, holds illegal certain provisions of the township ordinance. Under such circumstances Abington Township should itself have the opportunity to present its argument on this question either in this or some future case.