## Ralpho Township v. Bebenek

*Guy W. Schlesinger,* for plaintiff.
*Frank E. Garrigan,* for defendants.

RANCK, *J.,* December 6, 1976 — An action was instituted in a district magistrate's office by Ralpho Township, Northumberland County, Pa., against Frank J. Bebenek and Elizabeth C. Bebenek for failure to pay a fee required for connection to plaintiff's sanitary sewage disposal system. It was demanded that a fine be imposed in view of this violation. After a hearing on the merits, the district magistrate entered judgment in favor of defendants, and plaintiff thereupon filed this appeal. The controversy is before us on preliminary objections to plaintiff's complaint charging lack of jurisdiction and objections in the nature of a demurrer.

## I. LACK OF JURISDICTION

Defendants assigned two counts under this objection but apparently have abandoned the first in light of Pa. R. C. P. J. P. 1007(B), which permits the Common Pleas Court to exercise its full authority and not be bound by the theories presented below. Ergo, the single contention relevant to whether this court lacks jurisdiction is that plain-

tiff allegedly failed to give defendants the requisite notice as provided by the township ordinance. In considering this question, we are reminded that appeals from the district magistrate for violations of municipal ordinances, whatever their form below, are civil in nature: City of Easton v. Marra, 230 Pa. Superior Ct. 352, 326 A.2d 637 (1974). We may thus, by analogy, make use of principles underlying the Pennsylvania Rules of Civil Procedure: 42 Pa. C. S.

The sine qua non of notice, according to the ordinance, consists of two elements. First, the township, within 60 days of the completion of a public sanitary sewer, must publish in a newspaper of general circulation "the owners of property accessible to such Sanitary Sewer." Second, the municipal authority, as agent of the township, must serve upon each affected property owner, by personal service or registered mail, a copy of the newspaper notification together with the ordinance and any existing rules or regulations: Township of Ralpho, Northumberland County, Pa., Ordinance Requiring That Certain Occupied Buildings In The Township of Ralpho Accessible To Sanitary Sewers Be Connected Therewith, Section 2, March 30, 1973 (hereinafter cited "ordinance"). The purpose of this or any notice, of course, is to fairly alert defendants to the suit against them so that they may properly prepare a defense: Vaughn v. Love, 324 Pa. 276, 188 Atl. 299, 107 A. L. R. 1336 (1936). This requirement is not a mere formality, as it is a basic concept of Anglo-American jurisprudence that notice is a condition precedent to the invocation of the power of any court: Armour Transp. Co. v. Pennsylvania Public Utility Com., 138 Pa. Superior Ct. 243, 10 A.2d 86 (1939).

The newspaper notice published by plaintiff contained a list of those property owners who had not connected to the sewer system. Found among the published names was that of "Frank Bebenek," and the names of those who occupied his properties. We must note that there was no mention of defendant, Elizabeth C. Bebenek. The township contends that the owners of property did not have to be named in the advertisement. The township could merely have stated that all property owners within a given number of feet of the sewer must connect thereto. It is true that plaintiff could have fully discharged its responsibility by this procedure. We are not concerned, however, with what the township could have done to effect proper notice, but, rather, with what it did do. Having assumed the burden of listing names, it was then bound to list the names of all property owners. The township failed in this respect in the case of Elizabeth C. Bebenek.

As to the second requirement, the evidence indicates that five envelopes, one for each property, were addressed to "Frank Bebenek and Elizabeth Bebenek" and personally served upon Elizabeth Bebenek at defendants' lumber company. Each envelope contained *one copy* of the connection notice, the ordinance, and a letter setting forth the nature of the advertisement. This service was faulty as to Elizabeth Bebenek because the ordinance specifically requires that *each* defendant receive a copy of notification. Further, the contents of the newspaper advertisement with which Elizabeth Bebenek was served did not, as previously stated, contain her name.

We might point out by way of analogy that, in a civil suit, a copy of the writ of summons must be served on each defendant where there is more

than one: Pa. R. C. P. No. 1009. This rule is not mitigated because the two defendants happen to be husband and wife. As stated in Dravo Corp. v. Ligato, 111 Pitts. L. J. 497, 500 (1963): " . . . The style of the salutation contained in the Notice or writ is not a substitute for a copy of the document." We conclude that plaintiff did not give defendant, Elizabeth C. Bebenek, adequate notice as required by the ordinance and this court is thus without jurisdiction to entertain plaintiff's complaint as to her. We do believe and find, though, that proper notice was given to Frank J. Bebenek. This defendant has urged that, since he was not personally served, the court also lacks jurisdiction on the complaint against him. We do not agree. Mr. Bebenek's name was correctly listed in the newspaper advertisement. Moreover, copies of the advertisement, the ordinance and the letter explaining the ordinance were served at his place of business upon a person in charge thereof. See Pa. R. C. P. 1009(b)(2)(iii). All the requirements of the ordinance have been met, and this defendant is properly before the court.

## II. DEMURRER

Defendants, as with the issue of jurisdiction, originally urged two grounds for their demurrer but now argue only one. It is bluntly suggested that plaintiff is without power to impose a fine, since the sole remedy for failure to connect is found in section 1501.1 of The Second Class Township Code of May 1, 1933, P. L. 103, art. XV, sec. 1501.1, added January 14, 1951, P. L. (1952) 1989, sec. 1, 53 P. S. §66501.1. That section empowers the township to enter upon the property of dissident landowners and connect same to the sewer.

The costs thereof may then be collected by municipal lien. The disputed sentence of that section for our purpose declares: "The township supervisors may, by ordinance, impose penalties to enforce any regulation or order they may ordain with reference to sewer connections." Defendants maintain that this sentence allows regulation of *existing* sewer connections but does not permit fines or other penalties to force a sewer connection.

A review of the judicial interpretation of identical passages of The First Class Township Code leads us to a contrary belief. In Jannetta v. Recklitis, 214 Pa. Superior Ct. 171, 251 A.2d 713 (1969), the Superior Court dealt with the same language. See Act of June 24, 1931, P. L. 1206, secs. 2401-2401.1, as amended, 53 P. S. §§57401, 57401.1. The court stated, if only by way of dicta, that "the township could compel property owners to make connections at their own expense *by the imposition of penalties for failure to do so after notice*." (Emphasis supplied). Id., at 175. This interpretation in no way strains logic. Indeed, we feel that a plain reading of the sentence in contention supports plaintiff's position. Defendants argue that this could not be the intent of the legislature, since it would lead to an illogical distinction between townships with municipal authorities (53 P.S. §66501.1), and those without: 53 P. S. §66501. This abstruse quest after legislative intent overlooks the simple rule of construction that "where the words of a statute are clear, the letter is not to be disregarded in search of legislative intent." Pennsylvania Labor Relations Board v. Teamsters Union Local No. 77, 20 Pa. Commonwealth Ct. 410, 412, 342 A.2d 158 (1975).

In view of the foregoing, we enter the following

## ORDER

And now, December 6, 1976, after thoughtful scrutiny of counsel's written and oral arguments, the second count of defendants' preliminary objections is sustained as to Elizabeth C. Bebenek and overruled as to Frank J. Bebenek; and the first count of defendants' demurrer is overruled.