J. S36018/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HELENA CHEMICAL COMPANY, INDIVIDUALLY & D/B/A/ HELENA FINANCE | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| DARYL L. BEILER | : | No. 2057 MDA 2015 |

Appeal from the Order Entered October 29, 2015
In the Court of Common Pleas of Union County
Civil Division No(s): 2014-0446

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 30, 2016**

Appellant, Helena Chemical Company, appeals from the October 29, 2015 Order entered in the Union County Court of Common Pleas sustaining Appellee's Preliminary Objections and dismissing Appellant's Complaint. After careful review, we hold that the trial court (i) erred in reading the Promissory Note and Credit Agreement together as one contract and in finding that the arbitration clause in the Credit Agreement applied to the Promissory Note; and (ii) erred in finding that venue was not proper in Union County with regard to the Promissory Note. Therefore, we affirm in part,[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant does not dispute the trial court's dismissal of claims arising under the Credit Agreement.

reverse the trial court's Order as it pertains to claims arising under the Promissory Note, and remand.

The factual and procedural history of this case is as follows. On July 7, 2014, Appellant filed an action in the Court of Common Pleas of Union County for breach of a Credit Sales and Service Agreement ("Credit Agreement") and for breach of a Promissory Note ("Promissory Note"). Complaint, filed 7/7/14.

Appellant's Complaint alleged the following relevant facts: Appellant is a chemical supply company in the business of supplying chemicals, fertilizer and other equipment.[2] *Id.* at ¶ 3. Appellee, Daryl Beiler, is a farmer who resides in Mifflinburg, Pennsylvania. *Id.* at ¶ 2, 4. On or about April 6, 2009, the parties entered into the written Credit Agreement, which extended Appellee a line of credit with which he could make purchases from Appellant. *Id.* at ¶ 5-6. Appellee made purchases pursuant to the Credit Agreement between July 1, 2009, and October 30, 2009. *Id.* at ¶ 7-9. Appellant alleged that on the date the Complaint was filed, $18,014.88 was due and owing pursuant to the purchases made subject to the Credit Agreement, and that Appellee had failed and refused to make payment. *Id.* at ¶ 10, 16.

In addition to the claim arising under the Credit Agreement, the Complaint alleged that on or about April 8, 2009, the parties entered into a

---

[2] During oral argument, Appellee's attorney stated that Appellant is located in Tennessee. N.T., 10/29/15, at 4.

written Promissory Note in the principal amount of $25,000.00, which funds were applied as partial payment on Appellee's debts due and owing to Appellant for the purchase of Appellant's goods and services. *Id.* at ¶ 11-12. Under the terms of the Promissory Note, Appellee was to make full payment, including interest and finance charges, on or before December 1, 2009. *Id.* at ¶ 13. At the time of filing, the Complaint alleged that $35,437.07 was due and owed to Appellant under the Promissory Note, and that Appellee had failed and refused to make payment. *Id.* at ¶ 14, 16.

On August 3, 2015, Appellee filed Preliminary Objections pursuant to Pa.R.C.P. 1028(a) and 1006(e), seeking dismissal on the grounds of (i) improper venue; and (ii) the existence of an arbitration agreement. Defendant's Preliminary Objections to Plaintiff's Complaint, filed 8/3/16, at 4-5 (unpaginated). Specifically, Appellee argued that the claims arising out of the Credit Agreement should be dismissed because that agreement contains a binding arbitration clause, and mandates venue in Memphis, Tennessee. *Id.* As to claims arising out of the Promissory Note, Appellee argued venue was improper because that agreement contained a choice of venue clause that permitted Appellant to file in Shelby County, Tennessee. *Id.* at 4.

Appellant filed a brief in opposition to Appellee's Preliminary Objections, conceding that claims arising under the Credit Agreement were subject to a binding arbitration agreement, but arguing that venue in Union

County was proper for claims arising under the Promissory Note. Plaintiff's Brief in Opposition to Defendant's Preliminary Objections, filed 8/24/16, at 3. Specifically, Appellant argued that the choice of venue clause in the Promissory Note was not a mandatory term, but instead permitted Appellant, in its sole discretion, to establish venue in Shelby County, Tennessee. *Id.*

On October 29, 2015, the trial court held a hearing on the Preliminary Objections. At the hearing, the trial court, *sua sponte*, raised the question of whether the Credit Agreement and Promissory Note should be read together as one agreement. *See* N.T., 10/29/15, at 2-3. After arguments from counsel, the trial court ruled on the record that: (i) the Credit Agreement and Promissory Note were made as part of "essentially one transaction" and should be read together; (ii) when read together, there are inconsistencies in the agreement; (iii) the Promissory Note is ambiguous as to whether the choice of venue clause is optional; and (iv) the Credit Agreement and Promissory Note were drafted by Appellant and therefore must be interpreted against Appellant. *Id.* at 5-7. In conclusion, the trial court determined that the intent of the parties was to have all claims arising out of either agreement subject to binding arbitration in Tennessee. *Id.* at 7. Accordingly, the trial court sustained Appellee's Preliminary Objections and dismissed the Complaint. *Id.*

Appellant filed a timely Notice of Appeal. Appellant raises the following three issues on appeal:

> 1. Whether the trial court erred and/or abused its discretion in finding/concluding that [Appellant's] breach of contract claim under the [Promissory Note] was subject to arbitration and choice of venue clauses contained in a separate Credit Agreement, requiring arbitration in Memphis, Tennessee and in dismissing that claim?
>
> 2. Whether the trial court erred and/or abused its discretion in finding/concluding that venue in Union County, Pennsylvania on [Appellant's] breach of contract claim under the [Promissory Note] was improper and/or that a change of venue was warranted and in dismissing that claim?
>
> 3. Whether the trial court erred and/or abused its discretion in ordering a change of venue on [Appellant's] breach of contract claim under the [Promissory Note] for reasons of convenience of the parties, judicial economy and/or avoidance of inconsistent verdicts, grounds which were not raised by [Appellee] in his preliminary objections?

Appellant's Brief at 3.

In reviewing the trial court's disposition of preliminary objections, we note the following:

> [O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

*O'Donnell v. Hovnanian Enterprises, Inc.*, 29 A.3d 1183, 1186 (Pa. Super. 2011) (citations and quotation marks omitted).

In its first issue, Appellant argues that the trial court committed an error of law in interpreting the Promissory Note when it read the Credit Agreement and the Promissory Note together as having been made as part of a single transaction, and held that the binding arbitration clause in the Credit Agreement, therefore, also applies to the Promissory Note. After careful review, we agree that the trial court erred as a matter of law.

When this Court reviews a preliminary objection sustained on the basis of an alleged arbitration agreement, our standard of review is *de novo*. "In Pennsylvania the issue of whether a particular dispute falls within a contractual arbitration provision is a matter of law for a court decide." *McNulty v. H&R Block, Inc.*, 843 A.2d 1267, 1272 (Pa. Super. 2004) (citation omitted), *abrogated on other grounds by AT & T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011). "To determine whether the claim is subject to arbitration the court engages in a two-prong analysis. First, does a valid agreement exist and[,] second[,] is the dispute within the scope of the agreement." *Id.* (citation omitted). Therefore, "[o]ur review is plenary, as it is with any review of questions of law." *Huegel v. Mifflin Const. Co., Inc.,* 796 A.2d 350, 354 (Pa. Super. 2002) (citations and quotations omitted).

When interpreting a contract, including any arbitration agreements therein, "the intention of the parties is paramount[.]" *Unit Vending Corp. v. Lacas*, 190 A.2d 298, 300 (Pa. 1963). In determining the intent of the parties, courts "must examine the entire contract[.]" *In re Mather's Estate*, 189 A.2d 586, 589 (Pa. 1963). "Where several instruments are made as part of one transaction they will be read together, and each will be construed with reference to the other; and this is so although the instruments may have been executed at different times and do not in terms refer to each other." *Neville v. Scott*, 127 A.2d 755, 757 (Pa. Super. 1957). *Cf Trombetta v. Raymond James Financial Services, Inc.*, 907 A.2d 550, 560 (Pa. Super. 2006) ("It is a general rule of law in the Commonwealth that where a contract refers to and incorporates the provisions of another, both shall be construed together.").

In the instant case, the Credit Agreement includes a binding arbitration agreement, requiring arbitration in Memphis, Tennessee, with substantive issues governed by the laws of Tennessee. *See* Complaint, at Exhibit A ¶ 16. The Promissory Note, however, makes no reference to an arbitration agreement. *Id.* at Exhibit C. Therefore, the only way to conclude that claims arising under the Promissory Note are subject to an arbitration agreement is to find that the Promissory Note and the Credit Agreement were made as part of a single transaction, and must therefore be read together as one agreement. After a careful review of all of the

evidence properly before this Court, we conclude that the Promissory Note was an agreement separate and distinct from the Credit Agreement, and the trial court erred in reading the two agreements together as part of a single transaction.

Appellee argues that the trial court properly read the two agreements together as one transaction and properly imputed the arbitration clause of the Credit Agreement onto the Promissory Note. Appellee's Brief at 5-11. Appellee relies on our Opinion in *Huegel, supra*, to support his argument. Such reliance is misplaced. Appellee fails to acknowledge key distinctions between the facts in *Huegel* and the present case.

In *Huegel*, this Court read as a single transaction two home improvement contracts and a financing agreement obtained to fund the home improvement contract. *Huegel, supra*, at 356-57. Importantly, (i) husband and wife Plaintiffs each signed all three agreements; (ii) the enforceability of the second home improvement contract, which operated as a novation to the first home improvement contract, was expressly conditioned on the later execution of a financing agreement; (iii) the financing agreement included express terms making payment under the financing note "subject to the terms of a home improvement installment contract"; and (iv) the financing agreement expressly referenced the specific home improvement contract at issue in the "Description of Goods and

Services Purchased" and included a copy of the home improvement contract as an attachment thereto. *Id.* at 353-56.

In the instant case, none of these factors exists. The Credit Agreement identifies Appellee alone as the borrower, and bears only his signature and that of Appellant. Complaint, at Exhibit A. In contrast, the Promissory Note identifies Appellee and one Gina Boiler as the borrowers. *Id.* at Exhibit C. Appellee and Ms. Boiler each executed the Promissory Note. *Id.*

Moreover, although the Credit Agreement includes language that allows for the **possibility** that a promissory note might someday be executed, neither the Promissory Note nor the Credit Agreement is expressly conditioned on the existence of the other, and neither the Promissory Note nor the Credit Agreement expressly incorporates the other by reference or attachment. *Compare Huegel, supra*, at 353-56. In fact, the only portion of the Credit Agreement that references the possibility of a promissory note expressly states that the Credit Agreement is enforceable separate and apart from any promissory note and "shall not be vitiated or merged into or extinguished by such promissory note." *Id.* at Exhibit A ¶ 14.

Given the clear language of the Credit Agreement outlining its enforceability as distinct from any potential promissory note, and given the

lack of any terms in either agreement incorporating the other,[3] we conclude that the trial court erred as a matter of law in reading the two agreements as having been made as part of one transaction. Moreover, because the Promissory Note contains no reference to an arbitration clause, the trial court erred in finding that claims arising under the Promissory Note are subject to binding arbitration.

Appellant's second and third issues both challenge the trial court's determination that venue in Union County is improper for claims arising under the Promissory Note.

"Although a plaintiff, as a rule, may [choose] the forum in which to bring suit, that right is not absolute." *Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272, 1281 (Pa. 2006). In an action against an individual, Rule 1006(a) states venue is proper in a county in which "the individual may be served." Pa.R.C.P. 1006(a)(1).

A defendant may challenge venue on three grounds: "improper venue by preliminary objection, *forum non conveniens,* and inability to hold a fair and impartial trial." *Id.* Pursuant to Pa.R.C.P. 1006(e), a claim of improper

---

[3] Our decision in *Neville, supra* at 757, allows for the possibility that two instruments may be read together as one agreement even where they do not expressly incorporate one another. Later cases, however, have recognized that an incorporation provision, or lack thereof, is but one factor a court may use to determine whether several instruments were made as part of a single transaction. *See, e.g., Huegel, supra*, at 353-56.

- 10 -

venue must be raised in a preliminary objection.[4]  As our Supreme Court has explained:

> [T]he basis for a Rule 1006(e) challenge is the defendant's belief that venue is "improper" in the plaintiff's chosen forum. The meaning of the word improper, as used in subsection (e), is, as previously noted, shaped by Rules 2179 (providing where a personal action against a corporation may be brought), 1006(a) and (b) (providing where an action may be brought) and . . . 1006(c) ("[A]n action ... against two or more defendants . . . may be brought against all defendants in any county in which the venue may be laid against any one of the defendants . . . .").

***Id.***

In the instant case, the record does not support the trial court's determination that venue is improper in Union County under the Promissory Note.  Appellant chose to file its complaint in Union County, where Appellee lives.  The Union County Sheriff's Department personally served Appellee in Union County.  ***See*** Union County Sheriff's Return, filed 8/1/14.  In accordance with Rule 1006(a), venue in Union County is proper.[5]

---

[4] *Forum non conveniens* and inability to hold a fair trial challenges are raised by petition as provided in Pa.R.C.P. 1006(d)(1) and (2).

[5] The trial court's analysis depended in part on imputing the terms of the Credit Agreement onto the Promissory Note.  As discussed, ***supra***, the trial court erred in reading the two agreements together.  Read alone, the Promissory Note permits venue in Tennessee at Appellant's sole discretion, which Appellant did not exercise.  Therefore, we conduct our analysis under Rule 1006.

Accordingly, we reverse the trial court's Order as it pertains to claims arising under the Promissory Note and remand for further proceedings consistent with this Memorandum.

Order affirmed, in part; Order reversed and case remanded, in part. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2016